May it please the court David Berman for plaintiffs HTC Absence standards a company making a product that might infringe Patents can look for alternatives They're cheaper or perhaps even free and perhaps even better more effective technology It can design around and compete But once the patents are made part of a standard standard essential patents or SEPs There is only one choice and it's an essential choice for that implementer if it's going to compete at all and that choice Is true whether or not the choice is better or cheaper than the pre standard alternative? technologies and that creates great and acknowledged power in the SEP owner in bargaining a license with the implementer So in return standards organizations impose rules on what the SEP owner can demand The parties here agree that Fran is a global effort to limit the potential harms of standardization Fran pre-existed and was adopted not created by Etsy Fran is not a creature of French law, even though it was imported into a French law contract in Cases like d-link and Microsoft that we cite and that Erickson cited below and the government sites Applying that same friend. I'll be it imported into u.s. Law contracts identify the global universal objectives HTC appeals the trial courts refusal to instruct the jury as to those universal Agreed basic objectives of Fran. I'll start with reasonable The parties and the u.s. Agree that Fran's objectives include keeping SEP owners from using the bargaining power disparity to inflate valuation reflect the entire product value or unrelated features or the value of the standard itself as to both product and Standard apportionment the u.s. Says at 16 quote Fact-finders must must not only separate the patented technology from the product but also the patent technology from the standard and At 19 the u.s. Says quote juries should be told that a reasonable Royalty is one that pays for the use of the technology not the value of standardization Or other factors close quote and the government says that even in the context of past negotiated licenses Delink decided by the federal court with great expertise in valuing patents Makes clear that the jury cannot be expected to fulfill the essential objective of apportionment If it is not instructed to do so that u.s. Jury practice principle Establishes need for the instructions proposed by HTC and the prejudice to HTC Erickson's response is a double-barreled attack on a straw man Arguing that HTC's apportionment case was built only on the SPP you methodology one possible technique to serve the apportionment mandate and That the instructions at issue would require the specific SS PPU methodology Both assertions are fundamental to Erickson's position and fundamentally wrong The trial court ruled well before trial that SS PPU was neither required nor prohibited as a method of product apportion HTC accordingly they emphasized that method at trial and focused on the overall objectives of apportionment Now it's true that HTC had employed the SS PPU technology or methodology during the pre litigation Negotiations trying to bargain Erickson down from its high demand Erickson never move at trial HTC's experts did not rely just on SS PPU and Put HTC's earlier use of SS PPU in context with a jury even if the communication standard Implicated some features beyond the communications chip the modem chip There was no way to get to Erickson's high number through any reasonable apportionment particularly in light of the cost of the chip compared to the entire phone not the profit of the chip even the cost of the chip and in fact Erickson never told the jury that it ever tried to apportion out the value of Standardization or apportion out even a single one of the other main features of HTC's smartphone to the contrary Erickson introduced evidence of the entire smartphone value and even now it justifies charging HTC differently than HTC competitors even though the cellular technology in HTC's phones is identical to those competitors cellular technology But HTC's price is higher because it's smartphones include other expensive features Erickson similarly asked the jury to consider the value of the standard the 4g standard pointing out including in closing The price differences of products with and without 4g capability this was not just an important issue, but the crux of the case a close case in which the jury ruled for HTC that Erickson did not negotiate in faith HTC's proposed instructions on the two forms of apportionment were legally correct Erickson made no objection on that score Admitting them was prejudicial We do not appeal the trial courts pre-trial admission of Erickson's entire market value and 4g standard value evidence But admission of that evidence made it all the more important to tell the jury how to treat such evidence That apportionment of those values was necessary And the trial court did worse than that It it embraced Erickson's theory of the case by explicitly telling the jury to focus on quote negotiation without telling them to consider whether those negotiations reflected either form of apportionment HTC's proposal on the other hand was to tell the jury to consider all the facts But not just as to negotiations and to consider those facts against the objectives of fran I couldn't tell if there might have been a question there All right, you're not open. You don't need that. Okay. Sorry questions for about 30 seconds Okay Erickson's main argument remains as a trial that because Etsy did not adopt specific local Methodologies to implement the global objectives a friend then the objectives can be ignored That might must be allowed to make right in negotiating SCP licenses According to Erickson all it needs to do is say that it generally keeps friend in mind while bargaining and that it is not a Rational business that would try to get the best deal it can But the results are exactly as you'd expect when there is unequal bargaining power and unequal access to information about past deals And all of those past comparables define a range growing higher each time Erickson gets the best of the other party in Negotiations, but allowing it to favor others when it chooses inside that range Let me turn briefly to them No Questions continue. Thank you. Let me turn briefly to the non-discrimination prom Non-discrimination must mean something. It should mean it's plain language and the logic and objective of competition. Yes Just because time's limited I am going to interrupt my This is a difficult case My challenge before I would before I would say that the failure to instruct on apportionment Deserves a retrial reversing a five-day trial the challenges are three So I'll give them to you all quickly and then you can choose that answer one is did you waive it when you opposed? Erickson's Instruction and didn't during trial object to total cellular value. So the waiver answer and if you didn't waive it, is it harmless because all the experts did agree and It wasn't disputed that apportionment was essential And related to that it's built into the comparable licenses that were offered to them You want to try to tackle waiver and harm? Yes. Yes, sir as to waiver We did not oppose all of Erickson's apportionment instruction. We said it was incorrect But certainly logically where its language was identical to ours. We were not opposing its language We were opposing other parts of it and we emphasized to the trial court in the conference off the record and then in our objection that the omission was prejudicial as to the evidence we proposed a motion to eliminate The judge denied it and the judge made it very clear that the evidence could come in We needed it and it is logical that some of that evidence is a starting point for apportion So we did not appeal that issue But it is critical then that the apportionment instruction guide the jury and how to apply and not misuse that evidence As to harmlessness Their experts did occasionally agree with us some of that that's in the record cited by Erickson is Outside of the trial record and therefore not in front of the jury But the instructions were critical for the jury to understand and when the court instructed the jury instead to focus on Negotiations and the facts and circumstances of those and then said there is no methodology The clear Understanding from the jury would be that there was no real standard It was essential in our view that the jury understand and apply the undisputed objectives And I think your last question was whether it was built into comparables, there's no reason to assume that The there was no proof by Erickson that presented any apportionment in in the negotiation of the prior Comparables no Surely we've lost mr. Berman and mr. Maddox's photos I Don't see him do you Know they're there. They're there They're not online going to stop the clock I Believe they can hear you you should hear them. I can hear I can hear I can hear mr. Berman Buddy there you go. Now you're back. Oh, okay. Sorry. I try did it on and off. Hopefully that's To have you finished answering judge Hickinson's question I just wanted to say as to whether it was built in that it could not have been built in to the prior negotiations There was no evidence by Erickson that it ever Looked at other unrelated features or ever tried to apportion out the entire value of the 4g standard And of course, it's negotiations with others would have paralleled its negotiation with HTC I'm sorry, Judge. Oh, excuse me Thank you. My questions are not technical questions. They're basic trial judge questions Where did you tell the judge that the charge was fatally Insufficient as constituted it appears that there was no objection made at the time that the final charge was given And introduced to you. So can you give me a record site where you said the charge of its constituted is incomplete I know you tendered Some offer of proof, but that's not the same thing as saying the charge as it existed was fatally flawed We also specifically said that the omission of our KNL instructions the specific language on apportionment was error And the judge it was a fatal error and that you couldn't argue your case because it was lacking RK and L. I know you asked for RK now, but when did you say the charge as it already existed was fatally flawed? We we don't believe that there's anything in the federal rule that Says how much you have to stamp your feet when you Constituted we we as constituted it omitted KNL and we objected to the admission of K and L and R Where did you do that? I? Am sorry, I don't have that record site It's in our brief and I will supply it to the court promptly after the argument Okay, and it's in another place in the record besides your offer of food Or you actually discuss K L and R with the court on the record in such a way To overcome the objections that were raised by the other party from the joint trial submission What is K L and R? Those are the jury instructions that well does that you're talking about letter numbers would be okay I thought it was an accident. Okay. No, those are the letter numbers that he was error in the case If they were not given Where did you tell the district court? That you could overcome the objections to K L and R that had been made I don't see any time where you engage the court. I just see you said here are some more instructions We want and by the way there and here they are and they're in our and our written materials There was no instruction there was no legal objection to the substance of those two instructions So we did not feel we had to explain or argue against a legal objection. That wasn't made as you Objection made in the document itself It says Eric objects to K as unnecessary and confusing Some of them is a necessary confusing and inappropriate Recitation of the excerpt reports and the other one is also objected to for The inaccurate statement of the law in the fact where do you overcome or engage the court with the objections to say? No, they're wrong. We should get our instructions. Did that happen on the record anywhere? And it did not happen on the record to that level of specificity the procedure Chosen by the trial court and the trial court acknowledged when we came back on to the record that the trial court understood the prior arguments that had been made and that they should not be made again, so If you didn't happen on the record that you ever engaged the district court with the three points that you want How can you meet the standard that this concerned an important in the trial such as the failure to instruct the jury on the issue? Seriously impaired the party's ability to prevent your claim How can you meet that standard if you never told the jury that your instructions met the law and were? necessary and overcame objections both HTC and Erickson cited the district court to the D link case Which as the government points out specifically says that the jury must be instructed on apportionment If the jury is going to have a chance to do that job, it's not an intuitive Issue for the jury apportionment of patent value is a technical issue. The jury needed to be told to do it Charge conference. You've never said that at the charge conference your honor if you don't Apportionment was there in it any on the record part. I think we discussed Question quite a bit. I want to go further on that Mr. Berman, I read the closing arguments in the case and I think it was your co-counsel put to the jury a very Simple little hypothetical that showed if you I think it involved tires on a truck or something And if you were licensing part of the patent for the tire technology You shouldn't have to pay based on the value of the truck or it's or words to that effect Moreover, I think you argued quite a bit your co-counsel did about baseband and that the the Royalty or the license should be Charged in terms of the baseband rather than a larger, you know amount of the Final product why weren't you why wasn't that effectively conveying that? that Your fact your argument to the jury based on the fact and then finally were you in fact at any point in the trial? Arguing as your negotiating position had been that the proper License charge should vary from 1 to 19 cents per phone Well, let me go in reverse order We knew that the 1 to 19 cents which had been an opening negotiating position Was not something we should try to sell the jury on so yes, those were facts that we dealt with but we indicated to the jury that it at least showed that there was such a gulf when you applied a Possible method of apportionment that it was clear that Erickson's failure to apportion was prejudicial to us as to the arguments in closing the judge contradicted them by telling the jury that what counted was the Negotiations and that there were no standard we had asked we did not include Negotiations as the North Star in our instructions We said that the North Star should be apportionment and non-discrimination And explaining those and the court refused to do Had we As close as the trial was including a verdict in our favor on unfair bargaining by Erickson the Giving the clearly correct instruction Consistent with what we ended up arguing. I think would have been very important You know I as I see it He didn't give the jury Totally open he gave the jury a standard contract instruction and he says will depend upon whether or not a Licenses friend will depend upon the totality of the particular facts and circumstances Existing during the negotiations and leading up to the license. She's not confining the jury to the license He's Certainly telling the jury that Erickson's theory negotiations is the one you should apply and he's leaving out HTC's theory which was apply the undisputed objectives and So we can move on to the non-discrimination, which is your other big issue I don't know if any of my colleagues have questions about that, but but I tend That non-discriminate are you defending your proposed non-discrimination? Instruction in this court. Yes, we believe the instruction was correct Erickson has not identified any legal error in the instruction Because because it seems to me it's pretty close to a most favored nations climate You know the most favored nations requirement that professor Huber spoke to was a requirement that you reopen Negotiations if you've given somebody a better deal you were obliged to reopen negotiations with prior Bargained licenses and change them that doesn't that's a technique But it does not undercut the fact that non-discrimination has common sense Economic competition meaning and that meaning is that Obviously there should not be any meaningful Discrimination as part of the price of admission to get into the standard And meaningful discrimination you define in terms of if the difference creates a competitive disadvantage for a prospective licensee then the offer royalty terms are discriminatory and Seems to me from the perspective of the license or the only way they can Sense that there's a competitive disadvantage apart from the fact that that's what the licensee tells them is that It's a higher price Yes, and in a significantly higher price in this case if you look at a couple of the comparisons that After unpacking by the experts Okay, that's okay. I've said what I needed Anybody else No, you did you say that that was not objective chair They did not object on the law to the substance of our non-discrimination Instruction. Well, it says it's an inaccurate statement of law and fact They never Trial it says specifically it's inaccurate as a matter of law. Is that not an objection to law? They never pointed out what was inaccurate about it the district court never identified anything inaccurate as a matter of law I apologize if it's your position that if it's a correct statement of law that it must be given in the charge our position given It must be discretion The Cases that we cite indicate that because this is a complex area the juries are not familiar with patent evaluation That there needs to be instruction to have a meaningful opportunity for the jury to grasp these issues And we believe that that is the case here. We believe that that principle is Not it doesn't matter whether it's not a French law principle It is a u.s. Federal jury trial principle decisions like d-link and others Establishing that you have to give meaning to these concepts Okay, thank you, mr. Berman we'll move on to mr. Maddox Good morning, and may it please the court Nick Maddox on behalf of the United States and the USPTO director The government takes no position on the outcome of this particular case but is seriously concerned with several legal propositions advanced by HTC that would undermine patent licensing markets if Adopted by this court as rules of law I'd like to begin with HTC suggestion on page 15 of its reply brief That SEP licenses are currently suspect as evidence of a patent value because SEP owners have unusual leverage We think that's wrong for one thing SEP licenses are often cross licenses So both parties will have the advantage of SEPs Moreover any license can be criticized as failing to properly value the patents at issue or being insufficiently comparable to the case at bar SEP licenses are not unique in that regard Nevertheless the Supreme Court and the Federal Circuit have both repeatedly said that those that Comparable licensing evidence is generally the best evidence of a patents value and They have said and they have the Federal Circuit is emphasized in D Lincoln Cicero that challenges to licensing evidence should be based on particularized evidence and usually go to the way to the evidence Rather than its admissibility Here HTC provides no record sites for its argument that these licenses were inherently suspect on page 15 If evidence suggests that a patent that a license misvalued patent that should be put to the jury But that is no reason to attack licensing evidence generally including SEP licenses if anything the complexity of SEP license negotiations the sheer number of patents involved and the SEP owners obligation to offer non-discriminatory Licenses makes looking at comparable licenses all the more important in an SEP case May I ask is it appropriate judge Jones for me to ask her yes, okay It's helpful for you to point to the their brief, but you also heard him point to your brief So I want to ask you about a legal proposition on page 19 the page She pointed you to you'll recall that's where you say the jury should be told their reasonable royalty That they should focus on the specific RAND commitment You cite these then you say should be should be citing D link But your final sentence is there is a jet thus a general portion instruction and you use the word may be appropriate Am I correct that if you had then cited the same page and D link again the word would have been must What your honor I think it depends upon the particular commitment at issue So in this case Etsy has taken an intentionally Nonspecific approach and just left it at fair reasonable and non-discriminatory which are somewhat vague terms But we take that no, but you're missing you're not missing my question You're very familiar with the exact page you cite twice for jury should be told Then you switch your verb to may be told but am I correct that the Federal Circuit? Explicitly has said must be told in that last Proposition is that the position of the Federal Circuit if it is do you disagree with it? We think it is the reason I referenced the specific contract because The the position I think the Federal Circuit would agree with and that's certainly the position the United States Is that in a case where an SSO has a more particularized definition of what the licensing terms would mean? Then we think that an apportionment instruction might not be appropriate in that case because whatever the contract is would govern but in a case where there is a more general Friend commitment as there is here. Yes, we think an apportionment instruction must be given Thank you. Now that To be sure that doesn't answer the question of whether or not the error was harmless or whether or not it was preserved And we take we take no position on that because we don't have access to the full record and that's just right Let's go. I understand centrist Okay, if you have nothing else to say I guess we have your position Yes, Your Honor. If you have no further questions, I'm happy to yield the remainder of my time Okay. Thank you Mr. Lampkin Thank you may please the court This is a breach of contract action as the district court observed. The friend commitment is solely contractual in nature The jury and the district court alike Rejected HTC's claim that Erickson had breached its promise to be prepared to offer licenses on Fran terms The district court committed no abuse of discretion and no reversible error in refusing HTC's very slanted instructions And first It's the under French law like under US law when a contract uses ambiguous terms Like fair and reasonable or reasonable business-like manner or best efforts. It's meaning becomes a question of fact So it's not ordinarily the jury interprets and applies those ambiguous terms in light of extrinsic evidence is presented to it Such as the party's intent or consistent business industry practice and here the jury heard extensive evidence Both the party of but at least intent and industry practice and on appeal HTC Argues that the jury should also have been told by the judge to particular aspects of friends meeting First of the jury should have been told that reasonable royalties are based on the value of Erickson's patented technology what it adds to the end product not the value of unrelated technologies and Second the royalty should not include increased value that's attributable to the fact that Erickson's technology is included in the standard But everybody agreed full-size witnesses explained the jury repeatedly heard time and again precisely those things The experts for example Erickson's Mr. Mills Erickson should be compensated for the value it brings and and not the value of other functionality that's unrelated to its patents That's in tab 4 around page 107 to 9-30 of the record HTC's Mr. The rate compensates the value of their technology But not for the value of someone else's technology for the value that comes from just being part of the standard Page 107 98 of the record the lay witnesses agreed Erickson's Robert Earl you do not include to the patent the fact that it's part of the standard It's the addition of the technological a value addition That's record one of three five four Erickson's Christina Peterson it must reflect the value of the technology question But you get you know, you're not entitled to get paid for the standard correct answer correct I could list more and more and go on and on page 104 45 of the record 107 39 11637 1066 1154 1 I could go on but the jury heard over and over and over again precisely the principles that HTC's claim in the district court should repeat on appeal. It just can't show prejudicial error from the court's failure to repeat Something the jury heard from both sides and it was wholly undisputed and this just court said in Kenyatta It's not reversible error to refuse instructions on Undisputed issues when nothing prevents the party from highlighting the issue in argument to the jury and second There is a second reason why it was exceedingly unlikely that and it's recently repeating these undisputed principles would have changed the outcome this case and that's that HTC's Complication of the principle and that's that's PPU theory that yielded an unprecedented rate of 10 cents and their expert presented that precisely that number to the jury at our 10805 and 10806 It's just on time. It was just untenable Erickson showed that the rates that other sophisticated parties Sony Panasonic  Usually as a percentage of price But HTC insisted that the value of Erickson's technology should be based on the profit margin or even the price of a tiny chip Actually a fraction that tiny ship 14% of the time about tiny ship because it said that's where the technology resides But that doesn't make sense because miniaturization is a virtue not a vice and no Etsy member had ever Licensed on that basis. They could identify that's commercially unheard of And I know that as a matter of Mr. Berman says look I was injured because there was the value of cellular technologies The whole was presented to the jury, but I should point out exactly why that was brought in That was brought in to combat to counteract an argument HTC was making HTC was arguing that cellular technology as a whole is Worth just a dollar or so and that if you tear it down and get Erickson's tech I'll call technical contribution to that they get only, you know, some working zero and nine cents But that evidence came in to point out that HTC starting point was just plain wrong that cellular technology has a much higher value And so page one one six three eight of the record is where mr. Stevenson explained to the court and the court admitted the evidence and if you look HTC's record excerpts on page tab nine page nine The district court uses that information in exactly that way to say look I don't believe HTC starting point that cellular technology as a whole is worth a couple dollars because people pay a whole lot more for I'd like to turn second to the rule 51 Because rule 51 is exacting and it's in fairness to the jury and the trial court to invest a huge amount of time into these Cases and it requires the party to object to the court's proposed instructions By distinctly stating the matter objected to and the grounds to the objection now HTC here did say We object to the omission of our instructions But what it did is it pro in its proposed instructions It nearly headed u.s. Patent cases which create intricate rules for proving and calculating damages an infringement litigation under 35 u.s. e2 84 But the question for the district court was whether those instructions are mandatory in a contract dispute involving an Etsy contract the governance negotiations Not damages it covers not just u.s Patents all over the globe and given the witnesses unanimous agreement to the two constrictors ATC now asserts You have to tell the district court. Hey, I know it's a contract case But if you don't repeat this information that the jury has already heard the standard the jury's already heard from both sides witnesses They're going to be at sea. They're not going to know how to handle this the first time we heard that objection was in this case on appeal and Finally what HTC did is it listed its 11 omitted proposals? Spanning nine pages and it said it objected to their they're being omitted for the reason stated in the objection And they proposed instructions but as a just case we pointed site pointed out just listing 11 or 21 instructions is a virtually no help to the district court and Indeed HTC not only just did that but they actually objected specifically to the very instruction that Erickson proposed This is on HTC tab 10 on page 3 2 3 2 5 of the record An instruction said you should evaluate the proposed royalty based on the value of the patent holders patented inventions Not any additional value solely attributable to the standards adoption of the patented technology and attached to that very sentence There's a footnote 85. It says HTC objects to this proposed instruction Among others with an Erickson proposal because it's not an accurate statement of law HTC objected to the very instruction is now saying the court should have given Finally The district court didn't commute an abusive discretion in refusing HTC's instructions because they're unbalanced and confusing Especially in the context of the dispute here, which the district court was very familiar with Those instructions departed from the patterns in a way which would have confused the jury into potentially falsely equating apportionment With HTC's FF PPU methodology and the non-discrimination instruction was argumentative in the extreme For the reasons the government gave now I can explain the details of this in response to court's questions But I'm very eager to get to those questions and return the time to the court The simple fact those parties can't bury a few unobjectionable sentences or potentially correct sentences in a large span and long-length instructions and expect the trial court to have to dig out and Find the one piece that they think the jury absolutely must hear without having heard that from the parties So I would like to at this point, I would like to turn my time over to the court to ask questions if they Mr. Lampkin on what basis do you think the jury found that Erickson did not negotiate in good faith? Yeah, so HTC in this case introduced a fair amount of evidence that would suggest that one of Erickson's former negotiators was as I put it somewhat unpleasant to deal with And I think there were statements that grew the jury could find objectionable the good faith requirement of the FT contract talks about a Friendly manner is the way that it's been translated and our expert described it that way Professor Huber and I think that jury probably found that the some of the conduct there was unfriendly But as the district court pointed on its opinion the good faith negotiations and the preparedness to offer a friend rate are two distinct obligations and The jury found that HTC simply had failed to prove that Erickson was unprepared or didn't Prevent or propose a friend rate and the district court on declaratory judgment reviewing exactly the same evidence Said gee even if I didn't have the jury verdict I likewise would conclude that Erickson had fulfilled its obligation to prepare a friend rate. I believe that's in paragraphs 4 and Excuse me. That would be on pages 3 5 0 6 4 Paragraphs seeks a conclusional law for in the court's decision and it appears again and conclusion Law 25 the court likewise is of the view and concludes that based on the whole of Erickson submitted comparable license Both of Erickson's offers to HTC were fair reasonable and non-discriminatory Mr. Lampkin This is judge Higginson Obviously these ran valuation cases not just in the United States but worldwide are are are emerging and it's very important for us to be as clear as to what the law actually is of Putting aside for a minute harmless missing waiver. So would you my first question, but it's the three-part question So just disagree with any part. Would you agree that it is correct legally that a jury in these? Rand assessing whether the rates offered were fair must be told to separate the value From values from standardization or other features like camera it looked to me like in d-link the Federal Circuit said that Erickson in oral argument agreed to that and If you do agree that the jury must be told Then which is your strong argument make they waived it here or it's harmless and I'll show my cards I have difficulty with harmlessness because although mr Mills did testify as you said about apportionment at pages you probably know them like one set one zero seven three He then also told the jury Look at the value of the cellular connectivity It's three hundred and fifty dollars and that then led to the closing opening statement use your common sense What's the value of a cellular phone? And when I look for harmlessness it then you get that question back from the jury saying we don't know what to do with question one if you agree that it's correct legally required and That it isn't harmless The difficulty in this case for me really is waiver And the old dude, here's my final question. I see you writing it down I appreciate that you heard opposing counsel say in the off-the-record Pre-jury charge conference. They did object and said failing to give apportionment would be Prejudicial do you agree with that? We don't have that off-the-record job transcript. What do we do with it? Okay, so I'd like to start with whether or not What dealing requires these instructions to be given and answers any damages case under US law where the jury is? Calculating the amount that it's going to give as damages Dealing says it's and you must give these instructions Now the question before the trial court in this case was does that mean when the jury is trying to figure out what their offers Are reasonable under a contract? the jury has to apply that to the negotiations and I don't think That the Federal Circuit has ever said in a contract case interpreting The Etsy contract you have to instruct the jury on the precise and somewhat arcane rules of how you calculate damages That instead that you would use the particulars of the Etsy contract in order to make that determination You did ask for an apportionment instruction We did and truthfully we have no objection Excuse me. It's judge Jones. I've lost everybody except you. Oh You're the important one Should I continue? You want to stop the time? Stop the time We still see everybody. I'm not sure it may be your connection. Just we'll give it a second for you for it to come back I have also lost everyone except mr. Lampkin in the heart. I don't have I don't have anybody And now I've lost mr. Lambton and only have judge Jones in the heart, okay We'll just give it a second for it to come back. It may be in the building Robert Yes, it's possible that there's bandwidth issues within the Bob Casey Courthouse since both judge Jones and judge Elrod are having difficulties. We have had other sessions where the video dropped out but the audio continued Are both judge Jones and judge Elrod. You'll still not have any video. Nope. I Have video but the audio is fine for me, but I prefer to judge Jones. I was Like I get I'll go with audio. I glad I got to see the gentleman's faces for a while anyway So Robert does it help for them to turn it off and turn it back on I'm not going to mention mine It usually it usually does not The system will automatically see the bandwidth and and bring the video back online That's what happened in the other sessions okay, I'll just Start again. Excuse. Sorry for the interruption. I'm mr. Lankin So I rephrase just the final part of my question or do you have it? It's really assume I think it would be reversible error not to looking at Microsoft and D-link I Could you address my skepticism about us saying it's harmless and then zero in on the waiver issue with that off-the-record conference? Yes, okay. If I start with the beginning of the question, I believe I just want to emphasize that D-link is a u.s Statutory patent infringement case with a jury calculates damages and it was not a different It was on the IEEE not the Etsy version. So it's going to be a different set of standards look, we did propose an instruction and you know, we are the view that look it's not every case that you're going to have the experts and the witnesses and everybody Coming back with that extrinsic evidence saying you look to the value the patented technology adds to the end product You don't count this value standardization You don't get that in a necessarily every case and so it might well be that the better practice even in a contract case is For the court to repeat that to the jury, but what happened here is that? HTC simply failed to make that point to the district court and the fundamental standards could not possibly have been lost on the jury If I want to I think I should turn then to the issue of other off-the-record Preservation issue and the answer is first It shouldn't matter because the requirement of rule 51 says that you have to make your objections on the record That's the requirement and second my understanding is that you know This is a total surprise to us that suddenly we're being told the jury Really needs to be told these particular additional bits of information not that we want our instructions as a whole But we need to tell them one that you base it on the value that the technology patent technology adds To the end that to the end product not other technologies and that it excludes the value of standardization I don't think that was pressed at the off-the-record hearing but under rule 51 It just doesn't matter because of the objection has to be on the record and finally as to harmlessness I would simply go back to the fact that part of and a main reason that this came in and a reason given on the record as I pointed out was that HTC starting point for its valuation was here's the value of cellular technology and it put it in the range of a dollar and Then it pared back down as well. Eric's is worth no very small portion of that That's its contribution to cellular technology and that's exactly how the district court understood it and mr. Stevenson came back and said people paid three hundred and fifty dollars more for cellular technology that starting point is wrong Use your common sense and at no point was there an objection that this is somehow being misused or is unreasonable or is problematic There's no appeal saying it was improper to do that and it was a perfectly fair argument based on the evidence because it's pointing out HTC's starting point start with the value sector types of cellular technology is just plain wrong Mr. Lamb, can I have a couple questions about the declaratory judgment? What is important about that from? Erickson standpoint and they argue that it was based on conclusions law that are erroneous By the trial for how do you respond? So I think that there's no conclusion of law that they can point to that's erroneous the argument as I understand it is that you can't infer that there was that the Offers were friend from the jury's verdict rejecting HTC's claimed They're not friend because there's different burdens But the trial court actually explained why that's not right the trial court explained that under a Supreme Court case called Medtronic The burdens are exactly the same HTC had the burden of proving the offers not friend for its breach action In the declaratory judgment action It had the burden once again approving the offers not friend the burdens don't shift from a substantive breach action To a declaratory judgment action and that ruling isn't challenged on appeal But even independent of that the district court made its own assessment of the evidence So regardless to how far the jury went the district court went through the evidence for declaratory judgment and said look Even apart from what the jury did I myself Have read through the evidence and I reached the same conclusion that Erickson actually Made friend offers again. That was in paragraph four and I guess 24, I believe to the court's opinion now I think the objection they make is that it's a paragraph labeled CL conclusion of law But that doesn't mean you take what's clearly a factual determination on the record and relabeled a conclusion law and review it to know about Yeah, I mean it seems to me that the words They're reasonable and nondiscriminatory are As the standard is constructed all questions in fact, just like reasonableness in a negligence case Right or reasonableness in a search and seizure case. It's ultimately a question of it's based on the totality of circumstances It's fundamentally a factual question Now the beach case that they cite is an instance where the judge sort of unpacked a mixed question the judge said well My legal standard here's my application to facts and in that case the court this court was willing to say look since you unpacked it I'm gonna look at your legal standards separately and look at it de novo But when the court that sat through all the evidence heard all the evidence Saw everything that happened in the case says, you know Even apart from what the jury found even apart from the jury's conclusions I myself have concluded that there was a friend offer here. That's a fact that would be reviewed for clear error If there's no further questions No, I just had the additional why was that and why was that declaratory judgment important to Erickson? Well, the bottom line is we actually still don't have a license worked out with HTC to my knowledge And so we need that declaratory judgment. So we have a starting point. These are friend offers. Okay, let's make a deal Unless we have and at that point we just didn't have a deal until there was a live controversy We need them to accept the friend offer and move on to any other details which is what the district court told us to do it sweeps aside a Dispute between the parties as to what's frat whether or not these offers that are on the table were friend But you still don't have a deal That was today not even today. I don't believe we've reached a deal. We're still Working out the details. I suppose. Well, I think they're going farther and saying that Declaration that these particular items represent friend It's something that will be used as a cudgel by Erickson across the industry in future negotiations And if one thing seems evident to me, it is as a matter of law We do not want to inspire rigidity in this market as opposed to flexibility I think that's absolutely right. And actually there is something the district court made very clear in this case at one point the district court was extraordinarily unhappy with repeated efforts and HCC to introduce statements from other courts or rulings from other courts to present it to the jury and I think that We got likewise can't take our victory and put it in front of some other set of juries and say this is the standard We can use it against everybody each cage each negotiation each determination is based on the individual circumstances Individual facts and so we can't sort of use it taken Offensive non-mutual collateral estoppel against other members of the industry and say here's the number now Negotiated licenses as the government points out are a different matter sophisticated parties like Panasonic Sony Fujitsu, they don't agree to pay for more pay more than the technology's worth. They're sophisticated They know the pat they know the patents. They know the technology. They know how they use it They have license they have engineers licensing expert lawyers and these linking negotiations And when they agree to pay a certain amount or a percentage of the phone prices or royalty That's because they've come to the conclusion that that represents the value of the technology and there was overwhelming evidence in this case of that and HCC simply failed to commit to the jury and there's no basis for Requiring a do-over based on the failure of the district court to pick out one or two sentences From a nine-page list of instructions that were supposedly objected to for the because the district court didn't repeat That which the jury was repeatedly told by witness after witness after witness turn over for the questions the question really quickly It's a follow-up on to Jigginson's question Is it your condition that it doesn't matter whether in the abstract and apportionment? Instruction would have been a good idea or not What's an issue is whether K and L or accurate instructions that must have been given? right, and I think I Think that is our third position is that K and L were not accurate or at the very least on the context of this case They are extraordinarily misleading and they're misleading for a particular reason. They tended to equate a Components and if I could just just one example for an instruction L But you did not make that argument to the district court, correct? So to the district court, we simply said that they were confusing We didn't say they were legally incorrect And I think I stand with that that it's confusing particularly in the context of this case and I could give three reasons But I just start out with instruction L which says that the FEP holders patented invention Must be apportioned from all the other technology in the standard or product I should give the court a page number for that because it actually appears on the question If it's not helpful, I'm happy I Think I have my answer, but it it's up to you James Jones. If that's something you want to know you have your answer I mean, we don't need filibusters. So thank you Yeah, thank you so much, yep, mr. Berman bubble Thank you, your honor Let me start with rule 51 rule 51 does not tell trial judges that they once they believe they understand objections Off the record that they can't tell the parties to give simple Identification of what was omitted that they object to that's what happened here If you look at the record on appeal from 10 8 5 7 to 65 you'll see the judge basically said here. This is the way we did it. You had a fulsome opportunity You explained everything to me. I get it now just tell me which parts Were either omitted or which parts I included were in error and that's not unusual for judge Gilstrap and it's part of trying to cram something this complicated into one week There was just no way we could get the case to the jury which he insisted upon in the time that was available Also, what can you say to the question I asked to the other side that if you you're not arguing generally Then an apportionment instruction should be given or it's a good idea. You're arguing that K and L should have been given Correct any mistake or there's too much What I mean K and L have never been given by any court Anywhere, so you can't say the Federal Circuit gave K, but it didn't because it says reliable and tangible for example Reliable, I'm sorry Reliable and tangible was from the Supreme Court case. There was no objection to the error To any error related to that, it's hard to imagine what could be wrong and there and contrary to what mr Lampkin said it was not conflated to SS PPU We did not push for SS PPU being required in those instructions They were general instructions as to apportionment What case says it is error or not to give the instructions that are listed in K and L D-link says it is error not to instruct on apportionment and K and L are common-sense explanations of apportionment consistent with the cases Erickson simply argues that well, maybe they were too much because this isn't a patent damages case. It's a patent It's a contract case, but it's a constriction of the court, isn't it? You have to have your instruction be precisely correct in order to say there is error in not giving the instruction It's not you should have given a general instruction It's that these instructions are the ones that had to be given Isn't that you've overcome that I believe that's not quite the standard if we had something in there that was wrong And we did not offer to take it out It could be Excluded for that reason, but there's nothing wrong in those instructions. Could you address? Mr. Berman, if you've answered, could you just address quickly? Mr. Lankin pointed out that my quote of expert Mills when he spoke about total cellular value at $350 was actually responsive to your efforts to lowball total value rather than to try to obscure apportionment Erickson and mr. Mills had put that information in unrelated To that it was in. Mr. Mills is expert report as support for The numbers that Erickson was proposing and it was not apportioned Our point what on SS PPU was that you should look at cost Of the component to determine what could be afforded to be paid for it But that is not inconsistent That does not require SS PPU and it does not Excuse the failure to say if you're going to look at the total standard in its value You have to apportion it It's not just what Erickson's percentage of patents was or a percentage of the chip was It's the value of its patents and there is no suggestion that Erickson had ever done that in any of the prior negotiations or with respect to HTC HTC used SS PPU to challenge Erickson. Look here is our proposal for apportionment You may think it's extreme tell us something better and a and Erickson refused to engage with HTC Refused to come up with any sort of apportionment that I believe is the basis for the unfair Negotiation finding by the jury and I think it shows the harmfulness of the failure to give the instruction requested by HTC Okay, any other rebuttal remarks sir, no, I believe my time is up. Thank you your honors. All right. Thank you all very much